**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| KATIE D. MCCLARAN; ASHLEY THOMAS; JENNIFER L. ROACH; and JENNIFER L. SHARPE, on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>CAROLINA ALE HOUSE OPERATING COMPANY, LLC, LM RESTAURANTS, INC.; and SULLIVAN MANAGEMENT LLC, )<br><br>Defendants. ) | Civil Action Number: 3:14-cv-03884-JFA |

## DEFENDANT LM RESTAURANTS, INC.'S ANSWER TO AMENDED COMPLAINT

Defendant LM Restaurants, Inc. answers or responds to Plaintiffs' Amended Fair Labor Standards Act (FLSA) Collective Action Complaint ("Amended Complaint") as follows:

### FIRST DEFENSE

Plaintiffs' Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted against LM Restaurants, Inc., and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

LM Restaurants, Inc., is not a proper party for claims asserted by Plaintiffs Katie D. McClaran ("McClaran"), Ashley Thomas ("Thomas"), Jennifer L. Roach ("Roach"), and Jennifer L. Sharpe (collectively referred to as "Named Plaintiffs") because Named Plaintiffs were never employees of LM Restaurants, Inc.

### THIRD DEFENSE

LM Restaurants, Inc., acted in good faith and had reasonable grounds for believing it had acted properly in pay practices and was not in violation of applicable laws.

### FOURTH DEFENSE

LM Restaurants, Inc., affirmatively pleads that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA, 29 U.S.C. § 201, *et seq*., were not willful, but occurred with reasonable grounds for believing that LM Restaurants, Inc., was in full compliance with the FLSA. As such, the statute of limitations can be no longer than two (2) years under the FLSA, 29 U.S.C. § 255(a).

### FIFTH DEFENSE

LM Restaurants, Inc., has made a good faith and reasonable effort to comply with all applicable laws regarding payment of wages.

### SIXTH DEFENSE

Named Plaintiffs lack standing to raise some of or all of the claims of those on whose behalf they purport to complain against LM Restaurants, Inc., who did not employ them.

### SEVENTH DEFENSE

Those on whose behalf Named Plaintiffs purport to complain lack standing to assert claims against LM Restaurants, Inc., who did not employ them.

### EIGHTH DEFENSE

Those on whose behalf Named Plaintiffs purport to complain are not similarly situated under the FLSA.

**NINTH DEFENSE**

Named Plaintiffs' claims and the claims of those on whose behalf they purport to complain are barred, in whole or in part, by the applicable statute of limitations.

**TENTH DEFENSE**

Named Plaintiffs and those on whose behalf they purport to complain may not recover liquidated damages because: (i) LM Restaurants, Inc. (including their officers, managers, and agents), acted with reasonable grounds to believe their alleged acts or omissions did not violate the FLSA, and otherwise acted in good faith; (ii) LM Restaurants, Inc. (including their officers, managers, and agents), did not authorize, or ratify, any violation with respect to Named Plaintiffs or others with whom they are allegedly "similarly situated;" and (iii) Named Plaintiffs and others with whom they are allegedly "similarly situated" have failed to plead facts sufficient to support recovery of such damages.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred by the equitable doctrines of waiver, estoppel, or unclean hands.

**TWELFTH DEFENSE**

LM Restaurants, Inc., has not improperly diverted any employee tips. LM Restaurants, Inc., does not utilize the tip credit.

**THIRTEENTH DEFENSE**

Named Plaintiffs' claims and the claims of those on whose behalf they purport to complain are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for by the FLSA.

**FOURTEENTH DEFENSE**

A collective action is not warranted in this case because LM Restaurants, Inc., has unique defenses to Named Plaintiffs' allegations that preclude a finding that Named Plaintiffs are similarity situated to any other current or former employees of LM Restaurants, Inc.

**FIFTEENTH DEFENSE**

The FLSA does not authorize or require the issuance of notice to similarly situated individuals to apprise them of their rights to participate in this action. The Supreme Court, in *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989), held that district courts have discretion, in appropriate cases, to facilitate notice to potential plaintiffs pursuant to 29 U.S.C. § 216(b). Named Plaintiffs must present, at a minimum, evidence of the existence of a potential class sufficiently developed to allow court-facilitated class notice. Named Plaintiffs have failed to present sufficient evidence for this case to proceed as a collective action pursuant to 29 U.S.C. § 216(b), and have failed to make a preliminary showing to warrant the authorization of notice to other potential plaintiffs.

**SIXTEENTH DEFENSE**

Named Plaintiffs have failed to establish that this case should proceed as a collective action because Plaintiffs have failed to establish that there are other employees of LM Restaurants, Inc., who desire to opt-in who are similarly situated with regard to their job requirements and their pay claims.

**SEVENTEENTH DEFENSE**

Named Plaintiffs' request for designation of this case as a collective action should be denied because Named Plaintiffs have not satisfied their burden of making even a modest factual

showing that there are similarly situated unnamed potential plaintiffs who were victims of a common policy or plan of LM Restaurants, Inc., that violated the FLSA.

## EIGHTEENTH DEFENSE

If Named Plaintiffs seek to adjudicate the claims of Named Plaintiffs, putative class members, and anyone who opts-in to this lawsuit through purported generalized class wide proof, it would violate LM Restaurants, Inc.'s, rights to trial by jury and due process guaranteed by the United States Constitution. LM Restaurants, Inc., is entitled to individualized determinations of liability as to each Plaintiff and opt-in, as well as an individualized determination of the damages owed if liability is established. Accordingly, this case cannot be tried collectively or on any type of representational basis. *See Wal-Mart Stores v. Dukes, et al.*, 131 S. Ct. 2541 (2011).

## NINETEENTH DEFENSE

This lawsuit cannot be maintained as a collective action because LM Restaurants, Inc.'s, policies and practices comply with all state and federal wage and hour laws, regulations, and requirements, and Named Plaintiffs fail to identify any uniform policy that facially creates an overarching unlawful pay practice in violation of the minimum wage pay requirements of the FLSA and applicable state and federal laws and regulations.

## TWENTIETH DEFENSE

Named Plaintiffs' collective allegations must be dismissed, and certification and notice under 29 U.S.C. § 216(b) must be denied, because an independent and individual analysis of each putative class member's claims and each of the stated defenses to such claims is required.

**TWENTY-FIRST DEFENSE**

Named Plaintiffs or anyone else who joins this lawsuit who files claims for bankruptcy and failed to list their claims against LM Restaurants, Inc., as a potential asset is barred from pursuing these claims for lack of standing or under the doctrines of judicial estoppel or res judicata.

**TWENTY-SECOND DEFENSE**

Should the Court certify this matter as a collective action, LM Restaurants, Inc., reasserts each of these affirmative defenses with respect to each class member or person filing a consent to join this action.

**TWENTY-THIRD DEFENSE**

Without waiving the above defenses, LM Restaurants, Inc., answers or responds to the numbered paragraphs of Plaintiffs' Amended Complaint as follows. Any allegations not specifically and expressly admitted below are denied.

<u>INTRODUCTORY PARAGRAPH</u>

In response to the opening paragraph, LM Restaurants, Inc., admits that the Amended Complaint purports to pursue claims for Katie D. McLaran, Ashley Thomas, Jennifer L. Roach, and Jennifer L. Sharpe, individually and as a collective action under the FLSA. LM Restaurants, Inc. denies that this action is appropriate to be brought as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

<u>NATURE OF ACTION</u>

1. LM Restaurants, Inc., admits that the Amended Complaint purports to assert claims for Named Plaintiffs individually and as a collective action under the FLSA. LM Restaurants, Inc., denies that it is a proper party for the claims asserted by Named Plaintiffs

6

because they were never employees of LM Restaurants, Inc.  In all other respects, the allegations of Paragraph 1 are denied.

2.     LM Restaurants, Inc., was never the employer of Named Plaintiffs and therefore denies the allegations of Paragraph 2.

3.     LM Restaurants, Inc., admits the statute cited is in writing and speaks for itself.  LM Restaurants, Inc., admits consent/opt-in forms are on file in this action.  In all other respects, the allegations of Paragraph 3 are denied.

## PARTIES, JURISDICTION, AND VENUE

4.     LM Restaurants, Inc., admits, upon information and belief, that Plaintiff Sharpe is a citizen and resident of Cumberland County, the State of North Carolina.  LM Restaurants, Inc., is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 and therefore denies the same.

5.     In response to the allegations contained in Paragraph 5 of the Amended Complaint, LM Restaurants, Inc., admits that Carolina Ale House Operating Company, LLC, is a North Carolina limited liability corporation.  LM Restaurants, Inc., further admits, upon information and belief, that Carolina Ale House Operating Company, LLC, conducts business in the State of South Carolina at 277 Columbiana Drive, Columbia, South Carolina, where Named Plaintiffs McClaran, Thomas and Roach are employed.  In all other respects, LM Restaurants, Inc., denies the remaining allegations contained in Paragraph 5.

6.     LM Restaurants, Inc., admits that it is a North Carolina corporation maintaining offices in Wake County, North Carolina.  LM Restaurants, Inc., admits that it is a management company which provides services to certain Carolina Ale House restaurant locations in North Carolina and Tennessee, including the Carolina Ale House located in Fayetteville, North

Carolina. LM Restaurants, Inc., admits that it is a licensor for certain Carolina Ale House restaurants located in South Carolina, Georgia, Florida and Texas. LM Restaurants, Inc., denies that it employed Plaintiff Sharpe. In all other respects, LM Restaurants, Inc., denies the allegations of Paragraph 6.

7. Upon information and belief, LM Restaurants, Inc., admits that Sullivan Management LLC, is a North Carolina limited liability company with its principal office located in Columbia, South Carolina. LM Restaurants, Inc., lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 7 of the Amended Complaint and therefore denies the allegations as stated.

8. LM Restaurants, Inc., admits the allegations of Paragraph 8.

9. LM Restaurants, Inc., denies that it committed the unlawful labor practices alleged in Plaintiffs' Amended Complaint. LM Restaurants, Inc., was never the employer of Named Plaintiffs. LM Restaurants, Inc., asserts that no responsive pleading is required from LM Restaurants, Inc., regarding whether venue is proper in this Court. To the extent a response is required, LM Restaurants, Inc., denies that venue is proper because it has no operations in this District.

10. LM Restaurants, Inc., denies that it is subject to personal jurisdiction in the State of South Carolina, and therefore denies the allegations of Paragraph 10.

## FACTS

11. In response to the allegations contained in Paragraph 11 of the Amended Complaint, upon information and belief, LM Restaurants, Inc., admits Carolina Ale House restaurants are located in North Carolina, South Carolina, Georgia, Florida, Texas, and Tennessee. LM Restaurants, Inc., affirmatively asserts that each restaurant is a separate

corporation that employs its own employees.  LM Restaurants, Inc., asserts that it does not employ any employees in any Carolina Ale House restaurant.  In all other respects, LM Restaurants, Inc., denies the remaining allegations contained in Paragraph 11.

12.     LM Restaurants, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies the same.

13.     LM Restaurants, Inc., admits, upon information and belief, that Carolina Ale House Operating Company employed Plaintiffs McClaran, Thomas and Roach.  LM Restaurants, Inc., is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 and therefore denies the same.

14.     LM Restaurants, Inc. , admits it is a North Carolina corporation with its principal place of business in Wake County, North Carolina, and that it is a management company which provides services to certain Carolina Ale House restaurant locations in North Carolina and Tennessee, including the Carolina Ale House located in Fayetteville, North Carolina.  LM Restaurants, Inc., admits that it is a licensor for certain Carolina Ale House restaurants located in South Carolina, Georgia, Florida and Texas.  LM Restaurants, Inc. denies that it employed Plaintiff Sharpe.  In all other respects, the allegations of Paragraph 14 are denied.

15.     LM Restaurants, Inc., was never the employer of Named Plaintiffs and therefore denies the allegations of Paragraph 15.

16.     LM Restaurants, Inc., was never the employer of Named Plaintiffs and therefore denies the allegations of Paragraph 16.

17.     LM Restaurants, Inc., was never the employer of Named Plaintiffs and therefore denies the allegations of Paragraph 17.

18. LM Restaurants, Inc., was never the employer of Named Plaintiffs and therefore denies the allegations of Paragraph 18.

19. LM Restaurants, Inc., was never the employer of Named Plaintiffs and therefore denies the allegations of paragraph 19. LM Restaurants, Inc. responds to the subparts of Paragraph 19 as follows:

19a. LM Restaurants, Inc., was never the employer of Named Plaintiffs and therefore denies the allegations of Paragraph 19a.

19b. LM Restaurants, Inc., was never the employer of Named Plaintiffs and therefore denies the allegations of Paragraph 19b.

19c. LM Restaurants, Inc., was never the employer of Named Plaintiffs and therefore denies the allegations of Paragraph 19c.

19d. LM Restaurants, Inc., was never the employer of Named Plaintiffs and therefore denies the allegations of Paragraph 19d.

19e. LM Restaurants, Inc., was never the employer of Named Plaintiffs and therefore denies the allegations of Paragraph 19e.

20. LM Restaurants, Inc., was never the employer of the "expeditor referenced," and therefore denies the allegations of Paragraph 20.

21. LM Restaurants, Inc., was never the employer of the "expeditor referenced," and therefore denies the allegations of Paragraph 21.

FOR A FIRST CAUSE OF ACTION
Violation of Fair Labor Standards Act
29 U.S.C. §§ 203(m), 206
(Violation of Tip Credit / Failure to Pay Proper Minimum Wage)

22. LM Restaurants, Inc., incorporates by reference its answers to the allegations of Paragraphs 1 through 21 as if set forth fully herein.

23. Paragraph 23 is admitted.

24. LM Restaurants, Inc., admits that the statute cited is in writing and speaks for itself. In all other respects, this Paragraph is denied.

25. The allegations of Paragraph 25 state a legal conclusion to which no response is necessary. To the extent a response is required, LM Restaurants, Inc., admits the allegations contained in Paragraph 25 of the Amended Complaint as stated but denies that LM Restaurants, Inc. utilized a tip pool.

26. LM Restaurants, Inc., does not utilize a tip pool and was never the employer of Named Plaintiffs and therefore denies the allegations of Paragraph 26.

27. LM Restaurants, Inc., was never the employer of Named Plaintiffs and therefore denies the allegations of Paragraph 27.

28. LM Restaurants, Inc., was never the employer of Named Plaintiffs and therefore denies the allegations of Paragraph 28. LM Restaurants, Inc., responds to the subparts of Paragraph 28 as follows:

28a. LM Restaurants, Inc., was never the employer of Named Plaintiffs and therefore denies the allegations of Paragraph 28a.

28b. LM Restaurants, Inc., was never the employer of Named Plaintiffs and therefore denies the allegations of Paragraph 28b.

28c. LM Restaurants, Inc., was never the employer of Named Plaintiffs and therefore denies the allegations of Paragraph 28c.

28d. LM Restaurants, Inc., was never the employer of Named Plaintiffs and therefore denies the allegations of Paragraph 28d.

29. Paragraph 29 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, LM Restaurants, Inc., admits the allegations contained in Paragraph 29 of the Amended Complaint as stated as they relate to LM Restaurants, Inc.

30. Paragraph 30 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, LM Restaurants, Inc., denies the allegations contained in Paragraph 30 of the Amended Complaint.

31. Paragraph 31 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, LM Restaurants, Inc., admits the allegations of Paragraph 31 as stated but denies that it was ever the employer of Named Plaintiffs.

32. Paragraph 32 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, LM Restaurants, Inc., admits the allegations contained in Paragraph 30 as stated as they relate to LM Restaurants, Inc.

33. Paragraph 33 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, LM Restaurants, Inc., denies the allegations contained in Paragraph 33 as stated as they relate to LM Restaurants, Inc.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

## PRAYER FOR RELIEF

LM Restaurants, Inc., denies that Plaintiffs are entitled to any of the remedies demanded in the prayer for relief including all subsections therein.

## JURY TRIAL DEMANDED

LM Restaurants, Inc., admits that Plaintiffs have demanded a trial by jury.

WHEREFORE, having fully answered the Amended Complaint, LM Restaurants, Inc. respectfully prays that:

1. Plaintiffs have and recover nothing by this action and that Plaintiffs' claims be dismissed with prejudice;

2. LM Restaurants, Inc., be awarded its costs and reasonable attorneys' fees; and

3. LM Restaurants, Inc., be awarded such other and further relief as this Court may deem just and proper.

DATED this the 23rd day of December 2014.

    Respectfully submitted,

    OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.

By:    s/William L. Duda
    William L. Duda (Fed ID No. 7740)

    1320 Main Street, Suite 600
    Columbia, SC  29201
    803.252.1300 (telephone)
    803.254.6517 (facsimile)
    bill.duda@ogletreedeakins.com

    Kevin S. Joyner
    *Pro Hac Vice Forthcoming*
    Ogletree, Deakins, Nash,
      Smoak & Stewart, P.C.
    4208 Six Forks Road, Suite 1100
    Raleigh, NC  27609
    919.787.9700
    919.783.9412
    kevin.joyner@ogletreedeakins.com

    *Attorneys for Defendant LM Restaurants, Inc.*

## CERTIFICATE OF SERVICE

I, William L. Duda, do hereby certify that the foregoing **LM RESTAURANTS, INC.'S ANSWER TO AMENDED COMPLAINT** has been served upon the following persons electronically via the Court's Electronic Case Filing system:

James M. Griffin, Esq.
Margaret N. Fox, Esq.
Lewis, Babcock & Griffin, L.L.P.
1513 Hampton Street
Post Office Box 11208 (29211)
Columbia, SC  29201

Badge Humphries, Esq.
Lewis, Babcock & Griffin, L.L.P.
2113 Middle Street
Post Office Box 768
Sullivan's Island, SC  29482

Todd Ellis, Esq.
Law Office of Todd Ellis, P.A.
7911 Broad River Road, Suite 100
Irmo, SC  29063

Charles E. McDonald, Esq.
Ogletree, Deakins, Nash,
   Smoak & Stewart, P.C.
Post Office Box 2757
Greenville, SC  29602

Dated this the 23rd day of December 2014.

s/William L. Duda
William L. Duda (Fed ID No. 7740)

1320 Main Street, Suite 600
Columbia, SC  29201
803.252.1300 (telephone)
803.254.6517 (facsimile)
bill.duda@ogletreedeakins.com