IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| KATIE D. MCCLARAN; ASHLEY THOMAS; JENNIFER L. ROACH; and JENNIFER L. SHARPE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAROLINA ALE HOUSE OPERATING COMPANY, LLC; LM RESTAURANTS, INC.; and SULLIVAN MANAGEMENT LLC,<br><br>Defendants. | C.A. No.: 3:14-cv-03884-MBS |

### ORDER PRELIMINARILY APPROVING
### PROPOSED SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a putative class action and Fair Labor Standards Act ("FLSA") collective action is pending in this Court entitled *McClaran et al. v. Carolina Ale House Operating Company, LLC et al.*, C.A. No. 3:14-cv-03884-MBS (the "Action");

WHEREAS, (a) Plaintiffs Katie D. McClaran, Ashley Thomas, Jennifer L. Roach, and Jennifer L. Sharpe (collectively "Plaintiffs") on behalf of themselves and all others similarly situated, the Rule 23 Settlement Class (defined below), and the FLSA Section 216(b) Settlement Class (defined below), and (b) Defendants Carolina Ale House Operating Company, LLC, LM Restaurants, Inc., and Sullivan Management LLC (collectively "Defendants" and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated April 3, 2015 (the "Settlement Agreement") subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure and FLSA Section 216(b), for an order preliminarily approving the Settlement in accordance with the Settlement Agreement, certifying Rule 23 and FLSA Section 216(b) Settlement Classes although different classes, (collectively referenced herein as the "Settlement Class" where jointly referencing the two classes) for purposes of the Settlement only, and allowing notice to the members of the Settlement Classes as more fully described herein;

WHEREAS, the Court has read and considered (a) the Second Amended Class Action Complaint filed by Plaintiffs in the Action on April 3, 2015; (b) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (c) the Settlement Agreement and exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Settlement Agreement;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Certification of the Classes for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and FLSA Section 216(b), the Court certifies, solely for purposes of effectuating the proposed Settlement, the following Settlement Classes:

a.    **Rule 23 Settlement Class** – All individuals who worked more than forty (40) hours during the period October 3, 2012 to January 12, 2015 and were paid less than the minimum wage by means of a "tip credit" (that is, servers, bartenders, food runners, and expediters) at Carolina Ale House Restaurants located in South Carolina, North Carolina, Georgia, Tennessee, or Texas, in addition to any Opt-In Plaintiffs as of the

execution date of the Settlement Agreement that were employed prior to this period.

b.      **FLSA Section 216(b) Settlement Class** – All individuals who worked more than forty (40) hours during the period October 3, 2012 to January 12, 2015 and were paid less than the minimum wage by means of a "tip credit" (that is, servers, bartenders, food runners, and expediters) at Carolina Ale House Restaurants located in South Carolina, North Carolina, Georgia, Tennessee, or Texas, in addition to any Opt-In Plaintiffs as of the execution date of the Settlement Agreement that were employed prior to this period.

2.      **Rule 23 Class Findings** – Solely for the purposes of the Proposed Settlement of this Action, the Court finds that each element required for certification of the Rule 23 Settlement Class has been met: (a) the members of the Rule 23 Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Rule 23 Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Rule 23 Settlement Class; (d) Plaintiffs and Plaintiffs' counsel have and will fairly and adequately represent and protect the interests of the Rule 23 Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Rule 23 Settlement

Class.  The Court also appoints Plaintiffs' Counsel as Class Counsel for the Rule 23 Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.    **FLSA Section 216(b) Class Findings** – Solely for the purposes of the Proposed Settlement of this Action, the Court finds that each element required for certification of the FLSA Section 216(b) Settlement Class has been met: (a) there is a *bona fide* dispute under the FLSA; and (b) Plaintiffs are similarly situated to the individuals on whose behalf Plaintiffs purport to bring this action.

5.    The Court hereby finds and concludes that pursuant to FLSA Section 216(b), and for the purposes of the Settlement only, Plaintiffs are adequate class representatives and certifies them as Class Representatives for the FLSA Section 216(b) Settlement Class.  The Court also appoints Plaintiffs' Counsel as Class Counsel for the FLSA Section 216(b) Settlement Class.

6.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable, and adequate to the Settlement Classes, subject to further consideration at the Settlement Hearing to be conducted as described below.

7.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on July 31, 2015 at 10:00 a.m. in Courtroom III at the United States District Court for the District of South Carolina, Matthew J. Perry, Jr. Courthouse, 901 Richland Street, Columbia, South Carolina, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate to the Settlement Classes, and should be approved by the Court; (b) to determine whether a Judgment should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is

fair and reasonable and should be approved; (d) to determine whether the motion by Plaintiffs' counsel for an award of attorneys' fees and reimbursement of litigation expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Members of the Settlement Classes as set forth in paragraph 9 of this Order.

8.    The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the parties to the Settlement may agree to, if appropriate, without further notice to the Settlement Class.

9.    **Retention of Claims Administrator and Manner of Giving Notice** – Plaintiffs' Counsel are hereby authorized to retain Settlement Services, Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Plaintiffs' Counsel as follows:

    a.    within three (3) calendar days of the date of entry of this Order, Defendants shall provide the Claims Administrator and Plaintiffs' Counsel with an updated list, in electronic form, of the names of each member of the Settlement Classes, their last known addresses, and such other materials needed to show the hours worked by class members from October 3, 2012 through January 12, 2015 to the extent there are any changes or corrections to the information already provided by Defendants to the Claims Administrator and Plaintiffs' Counsel;

    b.    not later than ten (10) calendar days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the

Summary Notice, substantially in the form attached hereto as **Exhibit 1**, to be mailed by first-class mail to members of the Settlement Classes at the addresses set forth in the records provided by Defendants or which Defendants caused to be provided, or who otherwise may be identified through further reasonable effort; and on or before June 26, 2015, the Claims Administrator shall send to members of the Settlement Classes by the same means a reminder of the pending deadlines for objecting to or requesting exclusion from the settlement (July 9, 2015) and for filing a claim (120 days after the Notice Date);

c.     contemporaneously with the mailing of the Summary Notice, the Claims Administrator or Plaintiffs' Counsel shall cause copies of the Notice and Proof of Claim Form, substantially in the forms attached hereto as **Exhibits 2 and 3**; Second Amended Complaint; and the Settlement Agreement to be posted on a website for the Settlement, where members of the Settlement Classes may download copies of the Notice and Proof of Claim Form and other documents;

d.     within forty-two (42) days after the entry of this Order, Defendants will provide the Claims Administrator with the Promotional Cards ready for distribution to members of the Settlement Classes; and on or before forty-nine (49) days after entry of this Order, the Claims Administrator shall mail the Promotional Cards to members of the Settlement Classes, who have not opted out of the Settlement by that point; and

     e.     not later than seven (7) calendar days prior to the Settlement Hearing, Plaintiffs' counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing.  Such affidavit or declaration will also reflect that the CAFA Notice was mailed by the Claims Administrator as set forth in paragraph 19 of the Settlement Agreement.

10.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Summary Notice, the Notice, and the Proof of Claim Form, attached hereto as **Exhibits 1, 2, and 3**, respectively, and (b) finds that the mailing of the Summary Notice, the website publication of the Notice and Proof of Claim Form, and the reminder of Settlement deadlines as set forth in paragraph 9 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Classes of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Plaintiffs' counsel's motion for an award an attorneys' fees and reimbursement of litigation expenses, of their right to object to the Settlement, the Plan of Allocation and/or Plaintiffs' counsel's motion for attorneys' fees and reimbursement of litigation expenses, of their right to exclude themselves from the Settlement Classes, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all applicable laws and rules.  The date and time of the Settlement Hearing shall be included in the Summary Notice and Notice before they are mailed and published, respectively.

11.    **Participation in the Settlement** – Members of the Settlement Classes who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Plaintiffs' counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Classes.  By submitting a Claim or using the Promotional Card (which shall have printed in conspicuous writing information including the following: "Recipient's redemption of any portion of this card constitutes recipient's consent to class and Fair Labor Standards Act collective action membership and release of all wage and hour claims approved by the court in *McClaran et al. v. Carolina Ale House Operating Company, LLC et al.*, Civil Action No: 3:14-cv-03884-MBS (D.S.C.)"), a person shall be deemed to have consented to sue for purposes of FLSA Section 216(b) and submitted to the jurisdiction of the Court with respect to his or her Claim and the subject matter of the Settlement.

12.    Each Proof of Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) if the person executing the Proof of Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the member of the Settlement Classes must be included in the Proof of Claim Form to the satisfaction of Plaintiffs' counsel or the Claims Administrator; and (c) the Proof of Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13. Any Settlement Class member that does not timely and validly submit a Proof of Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his or her right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants or any of the other Defendants' Releasees, as more fully described in the Settlement Agreement and Notice.  Notwithstanding the foregoing, late Proof of Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14. **Exclusion From the Settlement Classes** - Any member of the Rule 23 Settlement Class who wishes to exclude himself or herself from the Rule 23 Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Rule 23 Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *McClaran et al. v Carolina Ale House Operating Company, LLC et al.*, EXCLUSIONS, c/o Settlement Services, Inc., and (b) that each request for exclusion must (i) state the name, address and telephone number of the person requesting exclusion; (ii) provide the reason for exclusion; (iii) a statement that the person requesting exclusion meets the criteria of the Class but "requests exclusion from the Rule 23 Settlement Class in *McClaran et al. v Carolina Ale House Operating Company, LLC et al.*, C.A. No. 3:14-cv-03884-MBS"; and (iv) be signed by the person requesting exclusion or an authorized representative.  A request for

exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

15.    Any person who timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Rule 23 Settlement Class shall not be a member of either Settlement Class, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16.    Any Rule 23 Settlement Class member who does not timely and validly request exclusion from the Rule 23 Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his or her right to be excluded from the Rule 23 Settlement Class; (b) shall be forever barred from requesting exclusion from the Rule 23 Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the releases provided for therein, whether favorable or unfavorable to the Rule 23 Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants and the other Defendants' Releasees, as more fully described in the Settlement Agreement and Notice.

17.    **Appearance and Objections at Settlement Hearing –** Any Settlement Class member who does not request exclusion from the Settlement Classes may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Plaintiffs' counsel and Defendants' counsel, at the addresses set forth in paragraph 18 below, such that it is received

no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class member who does not enter an appearance will be represented by Plaintiffs' counsel.

18.     Any Settlement Class member who does not request exclusion from the Rule 23 Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Plaintiffs' counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses and appear and show cause, if he or she has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Plaintiffs' counsel's motion for attorneys' fees and reimbursement of litigation expenses should not be approved; *provided, however,* that no Settlement Class member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of litigation expenses unless that person has filed a written objection with the Court and served copies of such objection on Plaintiffs' counsel and Defendants' counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Plaintiffs' Counsel** | **Defendants' Counsel** |
|---|---|
| James M. Griffin | Charles E. McDonald III |
| Lewis, Babcock & Griffin, L.L.P. | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| Post Office Box 11208 | Post Office Box 2757 |
| Columbia, SC  29211 | Greenville, SC  29602 |
| | |
| Badge Humphries | Kevin S. Joyner |
| Lewis, Babcock & Griffin, L.L.P. | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| Post Office Box 768 | 4208 Six Forks Road, Suite 1100 |
| Sullivan's Island, SC  29482 | Raleigh, North Carolina 27609 |
| | |
| Todd Ellis | William L. Duda |
| Law Office of Todd Ellis, P.A. | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| 7911 Broad River Road, Suite 100 | 1320 Main Street, Suite 600 |
| Irmo, SC  29063 | Columbia, SC 29201 |

19.     Any objections, filings and other submissions by the objecting Settlement Class member (a) must state the name, address and telephone number of the person objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class.

20.     Any Settlement Class member who or which does not make his or her objection in the manner provided herein shall be deemed to have waived his or her right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Plaintiffs' counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and litigation expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and litigation expenses in this or any other proceeding.

21.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Classes, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

22.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying members of the Settlement Classes and notifying them of the Settlement as well as

in administering the Settlement shall be paid as set forth in the Settlement Agreement without further order of the Court.

23.    **Settlement Consideration and the Settlement Cash Fund** – The contents of the Settlement Cash Fund held by Settlement Services, Inc. (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.  The total settlement consideration of the claims resolved by this Settlement Agreement is $2,930,000 inclusive of all payments and benefits to class members and attorneys' fees and costs, but not including the employers' share of payroll taxes.  Of this amount, the Settlement Cash Fund consists of $1,167,500 as set forth below.

a.    **$1,167,500 Cash** – Defendants will make the following payments into an account held by the Escrow Agent:

i.    $500,000 by the later of five (5) business days after the date of entry by the Court of an order preliminarily approving this Settlement or July 1, 2015;

ii.    $500,000 by the later of five (5) business days after preliminary approval of the settlement by the Court or December 31, 2015; and

iii.    $167,500 by the later of five (5) business days after preliminary approval of the settlement by the Court or April 1, 2016.

b.    **$750,000 Paid in Credit by Promotional Cards** – Defendants will issue Promotional Cards with an equal per capita share of $750,000 based on the number of class members that do not opt out of the settlement.  The

credit on the Promotional Cards will be redeemable for food and non-alcoholic beverages at Carolina Ale House Restaurants covered by the Settlement Agreement in this action.

c.    **$1,000,000 in Value Represented by Tip-Pool Policy Changes** – the following changes to the tip-pool policies will be implemented and maintained at Carolina Ale House Restaurants covered by the Settlement Agreement in this action for a two-year period:

i.    the percentage of gross sales to be contributed to the tip pool will reduced from 3% to 2.5%;

ii.    expediters will not be included as beneficiaries of the tip pool. Defendants represent that, based on gross sales for the past fiscal year, the reduction in the percentage of gross sales from 3% to 2.5% for tip-pool contribution represents approximately $1,000,000 in value across covered Carolina Ale House Restaurants that will inure to the benefit of class members who are current employees.

24.    **Taxes** – The Claims Administrator is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Cash Fund, to pay from the Settlement Cash Fund any Taxes owed with respect to the Settlement Cash Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

25. **Termination of Settlement** – If the Settlement is terminated as provided in the Settlement Agreement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be without prejudice to the rights of Plaintiffs, the other members of the Settlement Classes and Defendants, and the Plaintiffs and Defendants shall revert to their respective positions in the Action immediately prior to February 11, 2015, when the Parties reached a settlement in principal as previously announced to the Court.

26. **Use of This Order** – Neither this Order, the Settlement Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Settlement Agreement, nor any proceedings taken pursuant to or in connection with the Settlement Agreement and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants or any of the other Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or any of the other Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants or any of the other Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants or any of the other Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement

Agreement; (b) shall be offered against any of the Plaintiffs or any of the other members of the Settlement Classes, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs or any of the other members of the Settlement Classes that any of their claims are without merit, that any of the Defendants or any of the other Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs or any of the other members of the Settlement Classes, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; or (c) shall be construed against any of Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however,* that if the Settlement Agreement is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27. **Supporting Papers** – Plaintiffs' counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Plaintiffs' counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28. **Effective Date** – If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment.  If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be thirty (30) days after

the Court enters its Final Order and Judgment.  If rehearing, reconsideration, or appellate review is sought, the "Effective Date" shall be the day on which the Court enters a final order and judgment after all appeals are resolved.

29.    **Disbursement** – The Claims Administrator will disburse settlement checks to the Class Members, Plaintiffs' Counsel's attorneys' fees and expenses to Class Counsel, the Incentive Payments to Named Plaintiffs, and the Claims Administrator's fee by January 15, 2016.

30.    The parties shall abide by all other terms of the Settlement.

31.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**IT IS SO ORDERED.**

<u>/s/ Margaret B. Seymour</u>
MARGARET B. SEYMOUR
SENIOR U.S. DISTRICT JUDGE

June 10, 2015
Columbia, South Carolina

Exhibit 1

**LEGAL NOTICE BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA**

*A federal court authorized this Summary Notice.*
*This is not a solicitation from a lawyer.*

*McClaran et al. v. Carolina Ale House Operating Company, LLC et al., United States District Court for the District of South Carolina Case No. 3:14-cv-03884-MBS*

**IF YOU WERE EMPLOYED AS A SERVER, BARTENDER, EXPEDITER, AND/OR RUNNER AT CAROLINA ALE HOUSE RESTAURANTS LOCATED IN SOUTH CAROLINA, NORTH CAROLINA, GEORGIA, TENNESSEE, OR TEXAS, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT**

A settlement has been proposed in the lawsuit referenced above which is pending in the United States District Court for the District of South Carolina.

**Who is Included in the Settlement Classes?** All individuals who worked more than forty (40) hours during the period October 3, 2012 to January 12, 2015 and were paid by means of a "tip credit" (that is, servers, bartenders, food runners, and expediters) at Carolina Ale House Restaurants located in South Carolina, North Carolina, Georgia, Tennessee, or Texas, in addition to any Opt-In Plaintiffs as of the execution date of the Settlement Agreement that were employed prior to this period.

**FIND OUT MORE AT WWW.CAHSETTLEMENT.COM**

Settlement Services, Inc.
Post Office Box 509
Tallahassee, FL 32302-0509

[Class Member Name]
[Class Member Address]
[Class Member City/State/Zip]

**NOTICE    NUMBER:    XXXX-XXXX-XXXX**

Postcard Front

**Summary of the Settlement:** The Defendants have agreed to pay an estimated $2,917,500 in cash, promotional cards, and in value represented by tip-pool policy changes for the benefit of current and former employees of Carolina Ale House Restaurants:

- **Promotional Card Credit** – Based on the formula created in the settlement, you are entitled to receive $211.15 in credit on a Promotional Card to be redeemed at Carolina Ale House Restaurants in South Carolina, North Carolina, Georgia, Tennessee, and Texas, for food and non-alcoholic beverages. The Promotional Card is valid for 12 months and two weeks from the date issued and will be mailed to you in approximately 30 days, unless you request to be excluded from the Settlement.
- **Net Settlement Fund** – Additionally, you may also be entitled to a *pro rata* share of the Settlement Cash Fund if you worked for more than 80 hours during the period October 3, 2012 to January 12, 2015 and were paid by means of a "tip credit" (that is, servers, bartenders, food runners, and expediters) at Carolina Ale House Restaurants located in South Carolina, North Carolina, Georgia, Tennessee, or Texas. To potentially qualify, you must download a Proof of Claim Form from www.cahsettlement.com and then complete, sign, and submit it to the Claims Administrator **by [120 DAYS AFTER NOTICE DATE]**.
- **Tip-Pool Policy Changes** – Also, the Defendants have agreed to tip-pool policy changes for the benefit of current and future tipped employees at Carolina Ale House Restaurants worth approximately $1,000,000. Pursuant to these tip-pool policy changes, expediters will not be permitted to participate in the tip pool, and the tip-pool contribution will be reduced from 3% to 2.5% of gross sales.

To find out additional information about the Settlement and to download a Claim Form, visit **www.cahsettlement.com.**

**What is the purpose of this notice?** The Court has ordered that this Summary Notice be sent to you because you appear to fit the definition of a member of the Settlement Classes – the FLSA Collective Action Settlement Class and the Rule 23 Settlement Class – which are defined as indicated on the front of this summary notice under the heading "Who Is Included?" and in the notice and settlement documents available at www.cahsettlement.com.

**What is this lawsuit about?** The Plaintiffs – the employees who brought the lawsuit – raised claims under the Fair Labor Standards Act (the "FLSA") on their own behalf and on behalf of similarly situated employees, alleging that the Defendants paid employees by means of a "tip credit" in violation of the FLSA by requiring contributions to a tip pool that was distributed in part to employees who did not customarily and regularly receive tips, particularly expediters (or "expos"). Additionally, the Plaintiffs have brought a putative class action asserting state-law claims for breach of contract, breach of implied contract, *quantum meruit*, and unjust enrichment, claiming that the Defendants misappropriated the retained tips, particularly in employing expediters, and in doing so gained an unjust benefit. The Defendants have denied and continue to deny these allegations.

**Your Options and Deadlines:**

(1) You can submit a Claim Form to the Claims Administrator to request a share of the Net Settlement Fund by **[120 DAYS AFTER NOTICE DATE]**. You will give up any rights to separately sue the Defendants about the same legal claims in this lawsuit.

(2) You can remain a member of the Settlement Classes but object to the Settlement. You will give up any rights to separately sue the Defendants about the same legal claims in this lawsuit. To object to the Settlement, you must follow the procedures set forth in the full notice available at www.cahsettlement.com and submitting a written objection that **is received by July 9, 2015**. By following the procedures specified in the notice, you can also ask the Court for permission to speak at the fairness hearing at 10:00 a.m. on July 31, 2015 at the Matthew J. Perry, Jr. Courthouse, 901 Richland Street, Columbia, South Carolina in Courtroom III, where the Court will consider whether the Settlement is fair, reasonable, and adequate.

(3) You can exclude yourself from the Settlement and be able to sue the Defendants about the facts at issue in the lawsuit by mailing a letter (not an e-mail) to the Settlement Administrator (not the Court), Class Counsel, and Defendants' Counsel that **is received by July 9, 2015**. You must strictly follow the instructions in the full notice available at www.cahsettlement.com and **not use** the Promotional Card sent to you **and not submit** a Proof of Claim Form or objection to the Settlement.

Postcard Back

Exhibit 2

# COURT-AUTHORIZED NOTICE

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

**IF YOU WERE EMPLOYED AS A SERVER, BARTENDER, FOOD RUNNER, OR EXPEDITER AT CAROLINA ALE HOUSE RESTAURANTS LOCATED IN SOUTH CAROLINA, NORTH CAROLINA, GEORGIA, TENNESSEE, OR TEXAS, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Current and former employees of Carolina Ale House Restaurants[1] ("Plaintiffs") sued the restaurant's owners and/or operators Carolina Ale House Operating Company, LLC, LM Restaurants, Inc., and Sullivan Management LLC (together, "Defendants"), as a collective action claiming Defendants violated the federal Fair Labor Standards Act ("FLSA") by paying by means of a "tip credit" to their tipped employees and then requiring them to pay a percentage of their tips to expediters (or "expos") who were not employed in a job position that customarily and regularly received tips; and by failing to provide adequate oral or written notice of the requirements for a valid tip pool as required by the FLSA (the "FLSA Collective Action claims").

- In addition, the Plaintiffs have brought a class action against Defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, asserting claims for breach of contract, breach of implied contract, *quantum meruit*, and unjust enrichment, claiming that the Defendants misappropriated the retained tips, particularly in employing expediters, and in doing so gained an unjust benefit (the "Rule 23 Class claims").

- Pending final approval from the Court, the Plaintiffs and Defendants have settled. The Defendants have agreed to pay an estimated $2,917,500 worth of cash, promotional cards, and in value represented by tip-pool policy changes for the benefit of current and former employees who choose to participate:

  - **Promotional Card Credit** – If you worked for more than 40 hours during the period October 3, 2012 to January 12, 2015 and were paid by means of a "tip credit" (that is, servers, bartenders, food runners, and expediters) at Carolina Ale House Restaurants located in South Carolina, North Carolina, Georgia, Tennessee, or Texas, you are entitled to receive $211.15 in credit on a Promotional Card to be redeemed at Carolina Ale House Restaurants in South Carolina, North Carolina, Georgia, Tennessee, and Texas, for food and non-alcoholic beverages. The Promotional Card is valid for 12 months and two weeks from the date issued.

  - **Net Settlement Fund** – Additionally, you may also be entitled to a *pro rata* share of the Settlement Cash Fund if you worked for more than 80 hours during the period October 3, 2012 to January 12, 2015 and were paid by means of a "tip credit" (that is, servers, bartenders, food runners, and expediters) at Carolina Ale

---

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 4, 2015 (the "Settlement Agreement"), which is available at www.cahsettlement.com.

House Restaurants located in South Carolina, North Carolina, Georgia, Tennessee, or Texas.

- **Tip-Pool Policy Changes** – Also, the Defendants have agreed to tip-pool policy changes for the benefit of current and future tipped employees at Carolina Ale House Restaurants worth approximately $1,000,000.  Pursuant to these tip-pool policy changes, expediters will not be permitted to participate in the tip pool, and for two years, the tip-pool contribution will be reduced from 3% to 2.5% of gross sales for the employees required to make tip-pool contributions.  If you are a current or future employee of a Carolina Ale House Restaurant, the tip-pool policy change will apply to you regardless of whether you exclude yourself from the Rule 23 Class or opt in to the FLSA Collective Action.

Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **USE THE PROMOTIONAL CARD**<br><br>**AND/OR**<br><br>**SUBMIT A CLAIM FORM** | If you redeem any portion of the Promotional Card or you submit a Claim Form or both:<br><br>• You consent to join the FLSA Collective Action;<br><br>• You consent to be part of the Settlement Classes, including with respect to the FLSA Collective Action claims and the Rule 23 Class claims asserted; AND<br><br>• You give up any rights to separately sue the Defendants about the same legal claims at issue in the lawsuit in a separate proceeding.<br><br>If you worked more than 80 hours during the October 3, 2012 to January 12, 2015 period (that is, for more than 40 hours after your initial 40-hour training period) and if you submit a Claim Form that is approved by the Claims Administrator, you may qualify for a cash payment from the Net Settlement Fund.  The <u>only</u> way for you to receive a cash payment from the Net Settlement Fund is to submit a timely Claim Form that is approved by the Claims Administrator.<br><br>You may <u>NOT</u> exclude yourself from the Settlement if you use any portion of the credit on the Promotional Card or submit a Claim Form to the Claims Administrator. |
| **DO <u>NOT</u> USE THE PROMOTIONAL CARD <u>AND</u> DO <u>NOT</u> SUBMIT A CLAIM FORM**<br><br>**<u>AND</u>**<br><br>**<u>EXCLUDE YOURSELF</u> FROM THE SETTLEMENT CLASS FOLLOWING THE PROCEDURED SPECIFIED IN** | If you do not use any portion of the Promotional Card and do not want to be bound by the Release in Section 34 of the Settlement Agreement, you may exclude yourself by following the procedures specified in this Notice.  You <u>must</u> follow the specified procedures to exclude yourself and <u>must</u> <u>not</u> use any portion of your Promotional Card.  Unless you "Opt Out" of the Lawsuit and the Settlement by timely submitting an Opt-Out Statement in accordance with the specified procedures to exclude yourself, you will be bound by the Release in Paragraph 34 of the Settlement Agreement.  By excluding yourself, you give up any right |

2

| | |
|---|---|
| **THIS NOTICE** | to receive <u>any</u> payment pursuant to this Settlement. You will, however, keep any rights to sue the Defendants concerning the same legal claims at issue in this lawsuit – both the Rule 23 Class claims and the FLSA Collective Action claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION THAT IS RECEIVED NO LATER THAN JULY 9, 2015.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of litigation expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class member and do not exclude yourself from the Settlement Class. You can remain a Settlement Class member and object to the Settlement, even if you use the Promotional Card. To object to the Settlement, you <u>must</u> follow the procedures set forth in this Notice. You may choose to pay for and be represented by a lawyer who may submit the objection for you. |
| **GO TO A HEARING ON JULY 31, 2015 AT 10:00 A.M. AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS <u>RECEIVED</u> NO LATER THAN JULY 9, 2015.** | Filing a written objection and notice of intention to appear by July 9, 2015 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of litigation expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Classes and you do not submit a valid Claim Form or use any portion of the Promotional Card or do anything else, you will not be eligible to receive any payment from Defendants pursuant to the Settlement. You will, however, remain a member of the Settlement Classes for some purposes but not others: You give up your right to sue about the Rule 23 Class claims and any wage and hour claims that are resolved by the Settlement, and you will be bound by any judgments or orders entered by the Court in with respect to those claims, as well as the Release in paragraph 34 of the Settlement Agreement. |

# BASIC INFORMATION

| 1. | What is the purpose of this notice? |
|---|---|

The Court has ordered that this Notice be sent to you because you appear to fit the definition of a member of the Settlement Classes – the FLSA Collective Action Settlement Class and the Rule 23 Settlement Class – which are defined as follows:

> All individuals who worked more than forty (40) hours during the period October 3, 2012 to January 12, 2015 and were paid less than the minimum wage by means of a "tip credit" (that is, servers, bartenders, food runners, and expediters) at Carolina Ale House Restaurants located in South Carolina, North Carolina, Georgia, Tennessee, or Texas, in addition to any Opt-In Plaintiffs as of the execution date of the Settlement Agreement that were employed prior to this period.

The purpose of this Notice is to inform you of your rights and options **and the deadlines to exercise them** under the Settlement Agreement resolving the lawsuit.

The Court still has to decide whether to approve the Settlement.  Payments of the Net Settlement Fund will only be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

| 2. | What is this lawsuit about? |
|---|---|

The Plaintiffs – the employees who brought the lawsuit – raised claims under the Fair Labor Standards Act (again, the "FLSA") on their own behalf and on behalf of similarly situated employees, alleging that the Defendants: (1) paid by means of the tip credit to Plaintiffs and other similarly situated employees and then requiring them to pay a percentage of their tips to Defendants' other employees who are not employed in a job position that customarily and regularly receives tips; and (2) failed to provide adequate oral or written notice of the requirements for a valid tip pool as required by the FLSA.  The Plaintiffs sought recovery of, among other things, misappropriated tips, unpaid minimum wages, liquidated damages, and attorneys' fees and costs.

Additionally, Plaintiffs have brought a putative class action asserting state-law claims for breach of contract, breach of implied contract, *quantum meruit*, and unjust enrichment, claiming that the Defendants misappropriated the retained tips, particularly in employing expediters, and in doing so gained an unjust benefit.

The Honorable Margaret B. Seymour, Senior United States District Judge in the District of South Carolina is overseeing this class action.  The lawsuit is known as *McClaran et al. v. Carolina Ale House Operating Company LLC et al.*, No. 3:14-cv-03884-MBS.

| 3. | Why is this a class action and a collective action? |
|---|---|

In a class action or a collective action, one or more individuals (the "Class Representatives") sue on behalf of others who have the same or similar claims (the "Class Members").  This case involves both a class action (for the Rule 23 Class claims) and a collective action (for the FLSA Collective Action) claims, with different procedures for inclusion in and exclusion from the associated Settlement Classes.

In a class action, one court resolves the issues for all Class Members, except those who decide to exclude themselves from the Class.  Similarly, in a collective action, one or more individuals may sue on behalf of others who have the same or similar claims who

affirmatively opt in to participate in the collective action.

Here, the Plaintiffs are Class Representatives for members of the Rule 23 Settlement Class that do not exclude themselves from the Rule 23 Settlement Class, as explained in section 10 below. Plaintiffs are also Class Representatives with respect to the FLSA Collective Action claims, but only for those individuals who opt in to the FLSA Collective Action Settlement Class (1) by filing an opt-in form prior to the execution date of the Settlement Agreement, (2) by using a portion of their Promotional Card, or (3) by submitting a Claim Form with the Claims Administrator.

| 4. | Why is there a settlement? |
|---|---|

The Court did not decide in favor of the Plaintiffs or the Defendants. Both sides believe they would have prevailed at trial, but there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the risks and costs of a litigating this case through a trial, and the people affected will get compensation. The Plaintiffs and their attorneys think the settlement is in the best interest of the Settlement Classes.

# THE PLAN OF ALLOCATION:
# THE SETTLEMENT BENEFITS AND WHAT YOU GET

| 5. | What does the settlement provide? |
|---|---|

The Defendants have agreed to $2,930,000 in total Settlement Consideration: providing $750,000 in credit on Promotional Cards, $1,167,500 in cash, an estimated $1,000,000 represented by the value of tip-pool-policy changes that will remain in place for two years, and $12,500 for notice and settlement administration costs.

The $1,167,500 in cash (the "Settlement Cash Fund") will be used to pay for notice and settlement administration over and above the $12,500 amount paid by Defendants. Plaintiffs will also ask the Court to approve incentive payments to approve payments of $2,500 each to Plaintiffs Katie D. McClaran, Ashley Thomas, Jennifer L. Roach, and Jennifer L. Sharpe from the Settlement Cash Fund in recognition of the services they rendered as Class Representatives for the Settlement Classes. Their services included, but were not limited to, stepping forward and informing counsel of the facts initially and as the case progressed, subjecting themselves to potential retaliation for doing so, informing putative class members of the lawsuit, participating in litigation strategy, and reviewing and commenting on the terms of the settlement. Additionally, Plaintiffs' Counsel will also seek an award of attorneys' fees and litigation expenses from the Settlement Cash Fund as discussed below under section 14.

The amount of payments from the Settlement Cash Fund for notice and settlement administration expenses, for awards to the Class Representatives, and for attorneys' fees and litigation expenses will not reduce what remains of the Settlement Cash Fund below $500,000, which remainder is called the "Net Settlement Fund" under the Settlement Agreement, which will be the amount available for distribution to Authorized Claimants on a *pro rata* basis.

| 6. | How much will my payment be? |
|---|---|

With respect to the credit on Promotional Cards and cash payments from the Net Settlement Fund, the Settlement payment amounts will be as follows:

**Promotional Card Credit**

- As noted, if you worked for more than 40 hours during the period October 3, 2012 to January 12, 2015 and were paid by means of a "tip credit" (that is, servers, bartenders, food runners, and expediters) at Carolina Ale House Restaurants located in South Carolina, North Carolina, Georgia, Tennessee, or Texas, you will be receiving $211.15 in credit on a Promotional Card to be redeemed at Carolina Ale House Restaurants in South Carolina, North Carolina, Georgia, Tennessee, and Texas, for food and non-alcoholic beverages. The Promotional Card will be mailed to you by the Claims Administrator in approximately 30 days, unless you request to be excluded from the Settlement by that time.

- The $211.15 value on the Promotional Card represents the total amount of $750,000 divided by the number of members of the Settlement Classes (3,552).

- The Promotional Card is valid for 12 months and two weeks from the date issued.

- As noted, by using any portion of the credit on the Promotional Card, you consent to join the FLSA Collective Action claims and be a member of both Settlement Classes.

**Net Settlement Fund**

- Class Members who worked for more than 80 hours[2] during the period October 3, 2012 to January 12, 2015 – that is, employees who worked for more than 40 hours as a tipped employee after completing the 40-hour training period as well – and who were paid less than the minimum wage by means of a "tip credit" (that is, servers, bartenders, food runners, and expediters) at Carolina Ale House Restaurants located in South Carolina, North Carolina, Georgia, or Texas are also entitled to a cash distribution from the Net Settlement Fund upon submitting a timely Claim Form that is approved by the Claims Administrator (the "Authorized Claimants" under the Settlement Agreement).

- The Net Settlement Fund available for distribution to Authorized Claimants pursuant to the Settlement will be at least $500,000. Each Authorized Claimant will be entitled to a *pro rata* share of the Net Settlement Fund based on the hours he or she worked as a tipped employee over and above 80 hours during the period October 3, 2012 to January 12, 2015. The amount each Authorized Claimant receives will depend on the number of hours he or she worked as well as the number of hours worked by other Authorized Claimants. Based on the current estimates as to the number of hours worked over and above 80 hours by potential Authorized Claimants, the pro rata payment could range from as low as $0.22 per hour (if 100% of eligible claimants file acceptable Claim Forms) to as high as a median recovery of approximately $3.47 per hour (if 10% of eligible claimants with the median number of hours worked over 80 hours file acceptable Claim Forms).

# HOW YOU GET A PAYMENT

| **7.** | **How can I get my payment?** |
|---|---|

---

[2] The 80-hour eligibility threshold for payment from the Net Settlement Fund is based on the fact that those Class Members who worked for 80 hours or less in total – the first 40 hours of which would have been in training and the next 40 hours (or less) as tipped employees – will be fully compensated by the credit received on the Promotional Card because that amount equals or exceeds the full value of the tip credit under the FLSA ($5.12) claimed by Defendants for each hour they worked at a Carolina Ale House Restaurant.

Your Promotional Card will be mailed to you in approximately 30 days (unless you request to be excluded from the Settlement), and it will be ready to use.

To qualify for a payment from the Net Settlement Fund, you must complete and submit the Claim Form, available for download at www.cahsettlement.com, in a timely manner to the Claims Administrator and be approved as an Authorized Claimant.

| 8. | When will cash payments be sent to claimants? |
|---|---|

The Court will hold a fairness hearing on July 31, 2015 at 10:00 a.m. to decide whether to approve the settlement.  If the Court approves the settlement, then cash payments will be mailed by January 15, 2016, unless there is an appeal.

| 9. | What am I giving up by staying in the class and collective actions? |
|---|---|

Unless you exclude yourself (as explained in section 10 below), you will remain a member of the Rule 23 Settlement Class.  That means that you cannot sue, continue to sue, or be a party of any other lawsuit against the Defendants for any state-law Rule 23 Class claims that could have been brought against Defendants through the effective date of the settlement.  It also means that all of the Court's orders will apply to you and legally bind you with respect to those Rule 23 Class claims.

If use any portion of the credit on the Promotional Card or submit a Claim Form to the claims administrator, you will consent to join the FLSA Collective Action claims and to be a member of both the FLSA Collective Action Settlement Class and the Rule 23 Settlement Class. Accordingly, you cannot sue, continue to sue, or be a party of any other lawsuit against the Defendants for any FLSA claims or state-law Rule 23 Class claims that were or could have been brought against Defendants through the effective date of the settlement.  It also means that all of the Court's orders will apply to you and legally bind you with respect to those claims.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue the Defendants on your own about the legal issues in this case, then you must exclude yourself from class.  The process of excluding yourself is also sometimes referred to as "opting out."

| 10. | How do I exclude myself from the settlement? |
|---|---|

To exclude yourself from the settlement, you must (1) not use any portion of the credit on the Promotional Card, (2) not submit a Claim Form to the claims administrator, and (3) send a letter by First Class U.S. mail stating, "I elect to exclude myself from the settlement in *McClaran et al. v. Carolina Ale House Operating Company LLC et al.*, No. 3:14-cv-03884-MBS."  Be sure to include (i) your name, address, and telephone number; (ii) the reason for exclusion; (iii) a statement that you meet the criteria of the Class but "request exclusion from the Rule 23 Settlement Class in *McClaran et al. v. Carolina Ale House Operating Company, LLC et al.*, C.A. No. 3:14-cv-03884-MBS"; and (iv) your signature.  Your exclusion request must **be received no later than July 9, 2015** and must be mailed to:

*McClaran et al. v Carolina Ale House Operating Company, LLC et al.*
EXCLUSIONS, c/o SETTLEMENT SERVICES, INC.
Post Office Box 509

Tallahassee, FL 32302-0509

If you ask to be excluded from the Rule 23 Settlement Class, you will not receive a settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may also be able to sue (or continue to sue) the Defendants in the future.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

| **11.    How do I tell the Court that I object to the settlement?** |
| --- |

You can object to the settlement agreement if you don't like any part of it. You may object to any particular part of the settlement, such the settlement amount, the attorneys' fees, and/or the incentive payments to the Plaintiffs. You can give reasons why you think the Court should not approve it. The Court will consider your views.

To object, you must file an objection with the Court stating: (a) that you object to the settlement agreement in *McClaran, et al. v. Carolina Ale House Operating Company LLC, et al.*, No. 3:14-cv-03884-MBS, and the reasons why you object; and (b) provide documents sufficient to prove membership in the settlement. Be sure to include your name, address, telephone number, and signature. Any objections must **be received** by July 9, 2015, and mailed to:

U.S. District Court Clerk
U.S. District Court for the District of South Carolina, Columbia Division
Matthew J. Perry, Jr. Courthouse
901 Richland Street
Columbia, South Carolina 29201

You must also send copies to Plaintiffs' counsel and Defendants' counsel at the addresses listed below:

| **Plaintiffs' Counsel** | **Defendants' Counsel** |
| --- | --- |
| James M. Griffin | Charles E. McDonald III |
| Lewis, Babcock & Griffin, L.L.P. | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| Post Office Box 11208 | Post Office Box 2757 |
| Columbia, SC  29211 | Greenville, SC  29602 |
| | |
| Badge Humphries | Kevin S. Joyner |
| Lewis, Babcock & Griffin, L.L.P. | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| Post Office Box 768 | 4208 Six Forks Road, Suite 1100 |
| Sullivan's Island, SC  29482 | Raleigh, North Carolina 27609 |
| | |
| Todd Ellis | William L. Duda |
| Law Office of Todd Ellis, P.A. | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| 7911 Broad River Road, Suite 100 | 1320 Main Street, Suite 600 |
| Irmo, SC  29063 | Columbia, SC 29201 |

| **12.    What's the difference between objecting to the settlement and excluding myself** |
| --- |

| from it? |
|---|

Objecting is simply telling the Court that you do not like something about the settlement.  You can object only if you do not exclude yourself from the Settlement Classes.  Excluding yourself is telling the Court that you don't want to be part of the Settlement Classes.  If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE LAWYERS REPRESENTING YOU

| 13. | Do I have a lawyer in this case? |
|---|---|

Yes.  The Court has decided that the lawyers at the law firms of Lewis, Babcock & Griffin, L.L.P. and Law Offices of Todd Ellis, P.A. are qualified to represent you and all of the other class members.  These lawyers have been designated as "Class Counsel" in this lawsuit.  More information about the law firms, their practices, and their lawyers' experience are available at www.lbglegal.com and http://toddellislaw.com.

| 14. | How will the lawyers be paid? |
|---|---|

Under the settlement agreement, Class Counsel will ask the Court to approve attorneys' fees and costs in an amount not to exceed 22% of the total Settlement Consideration (of $2,930,000) and not exceed an amount that would reduce the Net Settlement Fund available for distribution to Authorized Claimants below $500,000.  The fees will pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement, as well as for the costs incurred in this case.

# THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you don't have to.

| 15. | When and where will the Court decide whether to approve the settlement agreement? |
|---|---|

The Court will hold a fairness hearing at 10:00 a.m. on July 31, 2015 at the United States District Court for the District of South Carolina, Columbia Division, Matthew J. Perry, Jr. Courthouse 901 Richland Street, Columbia, South Carolina, before Senior United States District Judge Margaret B. Seymour in Courtroom III.

At the fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are any objections, the Court will consider them at that time.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long the Court's decision will take.

| 16. | Do I have to come to the fairness hearing? |
|---|---|

No, even if you filed an objection, Class Counsel will represent you at the hearing.  Of course, you are welcome to attend (at your own expense) if you so desire.  The Court will consider any objections received in a timely manner, even if the individual who sent in the objection does not appear at the fairness hearing.  You may also pay your own lawyer to attend the

9

fairness hearing, but it is not necessary.

| **17.** | **May I speak at the fairness hearing?** |
|---|---|

You may ask the Court for permission to speak at the fairness hearing.  To do so, you must send a letter stating, "Notice of Intention to Appear in *McClaran et al. v. Carolina Ale House Operating Company, LLC et al.*, No. 3:14-cv-03884-MBS."  Be sure to include your name, address, telephone number, and signature.  Your Notice of Intention to Appear must **be received** by July 9, 2015 and mailed to:

U.S. District Court Clerk
U.S. District Court for the District of South Carolina, Columbia Division
Matthew J. Perry, Jr. Courthouse
901 Richland Street
Columbia, South Carolina 29201

with copies sent to:

| **Plaintiffs' Counsel** | **Defendants' Counsel** |
|:---:|:---:|
| James M. Griffin | Charles E. McDonald III |
| Lewis, Babcock & Griffin, L.L.P. | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| Post Office Box 11208 | Post Office Box 2757 |
| Columbia, SC  29211 | Greenville, SC  29602 |
| | |
| Badge Humphries | Kevin S. Joyner |
| Lewis, Babcock & Griffin, L.L.P. | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| Post Office Box 768 | 4208 Six Forks Road, Suite 1100 |
| Sullivan's Island, SC  29482 | Raleigh, North Carolina 27609 |
| | |
| Todd Ellis | William L. Duda |
| Law Office of Todd Ellis, P.A. | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| 7911 Broad River Road, Suite 100 | 1320 Main Street, Suite 600 |
| Irmo, SC  29063 | Columbia, SC 29201 |

Again, you cannot speak at the hearing if you exclude yourself from the settlement agreement.

| **18.** | **Are there more details about the settlement?** |
|---|---|

You can obtain more information about the settlement or obtain a copy of the settlement agreement by accessing the website address www.cahsettlement.com, or contacting Class Counsel at:

James M. Griffin
Lewis, Babcock & Griffin, L.L.P.
Post Office Box 11208
Columbia, SC  29211
Telephone: (803) 771-8000
Facsimile: (803) 733-3534
JMG@LBGLegal.com


Badge Humphries
Lewis, Babcock & Griffin, L.L.P.
Post Office Box 768
Sullivan's Island, SC  29482

Telephone: (843) 883-7424
Facsimile:  (843) 883-7462
BH@LBGLegal.com

Todd Ellis
Law Office of Todd Ellis, P.A.
7911 Broad River Road, Suite 100
Irmo, SC  29063
Telephone: (803) 732-0123
Facsimile: (803) 732-0124
todd@toddellislaw.com

If you call or write, you should refer to the Carolina Ale House restaurant case.


Dated:_____, 2015

Exhibit 3

*McClaran et al. v. Carolina Ale House Operating Company, LLC et al.*
c/o SETTLEMENT SERVICES, INC. [ADDRESS]
[CITY, STATE, ZIP]
[PHONE]
[WEBSITE]

## PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL TO THE ABOVE ADDRESS, **POSTMARKED NO LATER THAN [120 DAYS AFTER NOTICE DATE].**

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECOVER ANY MONEY IN CONNECTION WITH THE SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THIS ACTION, OR THEIR COUNSEL.  SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

**TABLE OF CONTENTS**                                                                 **PAGE #**

PART I – CLAIMANT INFORMATION ..................................................................................2

PART II – GENERAL INSTRUCTIONS ................................................................................3

PART III – RELEASE OF CLAIMS AND SIGNATURE ........................................................4

REMINDER CHECKLIST...................................................................................................5

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Employee's First Name:                                    MI:        Employee's Last Name:

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number

City:

State/Province:              Zip Code:              Country:

Last 4 digits of Employee's Social Security/Taxpayer Identification Number:

Daytime Telephone Number:                              Evening

Telephone Number:

Email address (E-mail address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you  with information relevant to this claim.):

Please indicate your dates of employment with Carolina Ale House to the best of your knowledge. If you are a current employee, you may leave the "end date" section blank.

Start date:                                                                    End date:

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      IF YOU ARE NOT A MEMBER OF THE SETTLEMENT CLASSES (see definition of the Settlement Classes on page 4 of the Notice, which sets forth who is included in and who is excluded from the Settlement Classes), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASSES, DO NOT SUBMIT A CLAIM FORM.  **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A MEMBER OF THE SETTLEMENT CLASSES**.  THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASSES, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

5.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process could take substantial time to complete fully and fairly. Please be patient.

6.      **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his/her *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $1.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

7.      If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Settlement Services, Inc., at the above address, or you may download the documents from www.cahsettlement.com.

## PART III – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW**
**AND SIGN THIS CLAIM FORM**

I hereby acknowledge that, pursuant to the terms set forth in the Settlement Agreement, without further action by anyone, upon the Effective Date of the Settlement, I, on behalf of myself and my legal representatives, heirs, executors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, remised, released, resolved, relinquished, waived and discharged Defendants and the other Defendants' Releasees, and each of their respective legal representatives, heirs, executors, successors, and assigns in their capacities as such, of and from each and every Released Claim and shall forever be enjoined from prosecuting any or all of the Released Claims against any of the Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify), as follows:

1.    that I have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that I am a member of the Settlement Classes, as defined in the Notice, and am not excluded by definition from the Settlement Class as set forth in the Notice;

3.    that I have **not** submitted a request for exclusion from the Settlement Classes;

4.    that I believe I worked for over 80 hours during the period October 3, 2012 to January 12, 2015 and was paid by means of a "tip credit" (that is, servers, bartenders, food runners, and expediters) at Carolina Ale House Restaurants located in South Carolina, North Carolina, Georgia, Tennessee, or Texas;

5.    that I consent to participate in this FLSA Collective Action and submit to the jurisdiction of the Court with respect to my claim and for purposes of enforcing the releases set forth herein;

6.    that I agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator, or the Court may require;

7.    that I waive the right to trial by jury, to the extent it exists, and agree to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form; and

8.    that I acknowledge that I will be bound by and subject to the terms of any judgment(s) that may be entered in the Action.

UNDER THE PENALTIES OF PERJURY, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Signature of claimant: _____    Date  _____|_____|_____
                                                                                          MM    DD    YY

Print your name here: _____

## REMINDER CHECKLIST

1.  Please sign the above release and certification.

2.  Please do not highlight any portion of the Claim Form or any supporting documents.

3.  Keep copies of the completed Claim Form and documentation for your own records.

4.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.

5.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

6.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the above address or visit www.cahsettlement.com.  Please DO NOT call any Carolina Ale House Restaurant, any of the Defendants, or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY PREPAID, FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN [120 days after Notice Date],** ADDRESSED AS FOLLOWS:

*McClaran et al. v. Carolina Ale House Operating Company, LLC et al.*
c/o Settlement Services, Inc.
Post Office Box 509
Tallahassee, FL 32302-0509

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before **[120 days after Notice Date]** is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.