IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| KATIE D. MCCLARAN; ASHLEY THOMAS; JENNIFER L. ROACH; and JENNIFER L. SHARPE, on behalf of themselves and all others similarly situated, | C.A. No.: 3:14-cv-03884-MBS |
| Plaintiffs, | |
| v. | **ORDER AND OPINION** |
| CAROLINA ALE HOUSE OPERATING COMPANY, LLC; LM RESTAURANTS, INC.; and SULLIVAN MANAGEMENT LLC, | |
| Defendants. | |

This matter is before the court on Plaintiffs' unopposed motion for award of attorneys' fees, costs, and class representatives' incentive awards.  ECF No. 60.

## I. PROCEDURAL HISTORY

On October 3, 2014, Plaintiffs Katie D. McClaran, Ashley Thomas, and Jennifer Roach ("Named Plaintiffs") filed this collective action pursuant to the Fair Labor Standards Act ("FLSA") on behalf of themselves and all others similarly situated, against Defendants Carolina Ale House Operating Company, LLC and LM Restaurants, Inc. ("Defendants").  ECF No. 1.    On December 8, 2014, Plaintiffs filed an Amended Complaint adding Sullivan Management, LLC, as a Defendant and Jennifer L. Sharpe as a Named Plaintiff.  ECF No. 21. Subsequently, on April 3, 2015, Plaintiffs filed a consent motion for preliminary approval of certification and settlement.  ECF No. 49. Plaintiffs also filed a Second Amended Complaint asserting state laws claims of breach of contract and unjust enrichment.  ECF No. 50.  Plaintiffs alleged that the express terms of their employment

contracts require that all tips received by an employee are to be retained by the employee except for tips required to be contributed to a tip pool. Pursuant to the employment contract, only employees who customarily and regularly receive tips can participate in the tip pool, and the tips cannot be retained for any other purpose. However, Plaintiffs alleged that Defendants regularly retained tips to pay overhead labor costs for expediters, which violates the contract.

Additionally, Plaintiffs alleged that Defendants violated the Fair Labor Standards Act ("FLSA") by requiring Plaintiffs to remit a portion of their tips at the end of each shift to the restaurant manager who would distribute the money to expediters and food runners. Plaintiffs alleged that their hourly pay rate was less than the minimum wage. Plaintiffs further asserted that Defendants' distribution of the tip pool to non-eligible employees invalidated the tip-credit provision of FLSA that permitted Defendants to pay servers less than minimum wage. Furthermore, Plaintiffs alleged that Defendants paid expediters and food runners less than the statutory minimum wage in violation of FLSA.

On May 19, 2015, this court held a hearing on the petition for preliminary approval of certification and settlement. The court held a second hearing on June 3, 2015, to determine whether Named Plaintiffs could adequately represent the class as required by Fed. R. Civ. P. 23(a)(4). At that time, the court preliminarily certified a class of plaintiffs pursuant to Fed. R. Civ. P. 23 and FLSA section 216(b). On June 10, 2015, this court issued a written order preliminarily approving the settlement, as well as the proposed notice to the Settlement Class. ECF No. 57. The parties subsequently issued notice to the Settlement Class regarding procedures for opting out and opting in, objecting to the settlement, as well as the date of the court's fairness hearing.

On June 26, 2015, Plaintiff filed a consent motion for final certification of the settlement classes and approval of the settlement. ECF No. 59. That same day, Plaintiffs also filed Plaintiffs' unopposed motion for award of attorneys' fees, costs, and class representatives' incentive awards. ECF No. 60. On July 31, 2015, this court held a fairness hearing and considered Plaintiffs' consent motion for final certification of the settlement classes and approval of the settlement, as well as the unopposed motion for award of attorneys' fees costs, and class representatives' incentive awards. At that time, this court certified the class and approved the settlement. ECF No. 62. Subsequently, the court issued a written order granting the motion for final certification of the settlement classes and approval of the settlement. ECF No. 63. The court will now address Plaintiffs' unopposed motion for award of attorneys' fees, costs, and class representatives' incentive awards.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 23(h) provides that "in a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Additionally, attorneys' fees in FLSA collective actions must also be reasonable and are subject to court approval. *See DeWitt v. Darlington Cnty., S.C.*, No. 4:11-CV-00740-RBH, 2013 WL 6408371, at *6 (D.S.C. Dec. 6, 2013). Under Local Civil Rule 54.02(A) D.S.C., "any petition for attorney's fees shall comply with the requirements set out in *Barber v. Kimbrell's Inc.*, 577 F.2d 216 (4th Cir. 1978)," which specifies the following factors for analysis:

> (1) The time and labor expended;
> (2) The novelty and difficulty of the questions raised;
> (3) The skill required to properly perform the legal services rendered;
> (4) The attorney's opportunity costs in pressing the instant litigation;
> (5) The customary fee for like work;
> (6) The attorney's expectations at the outset of the litigation;

(7)The time limitations imposed by the client or circumstances;
(8)The amount in controversy and the results obtained;
(9)The experience, reputation and ability of the attorney;
(10)The undesirability of the case within the legal community in which the suit arose;
(11)The nature and length of the professional relationship between attorney and client; and
(12)Attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226, n.28.  Local Civil Rule 54.02(A) further states that "these requirements are also relevant when a common fund is created and a percentage-fee method is sought in the application."

In general, attorneys' fees are required to be reasonable, and the court must make a determination of a reasonable fee award accompanied by detailed findings of fact with regard to the factors considered.  *Barber*, 577 F.2d at 226.  Reasonableness can be determined using either the lodestar method or the percentage of recovery method.  *In re Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 260 (E.D. Va. 2009).  Using the lodestar method, the Court multiplies the number of hours worked by a reasonable hourly rate, the product of which the court can adjust by employing a multiplier. *Id.*  Courts have generally held that a lodestar multiplier falling between 2 and 4.5 demonstrate a reasonable attorney's fees.  *Id.* at 265.

Alternatively, the percentage of recovery method provides for an award based on a percentage of recovery obtained.  Essentially, when determining whether attorneys' fees are reasonable pursuant to the percentage of recovery method, the court applies factors substantially similar to those set out in Barber.  *Id.* at 261, n. 6.  In the context of class actions, the vast majority of courts use the percentage of recovery method, which is advantageous because it ties the attorneys' award to the overall result achieved rather than the number of hours worked.  *Loudermilk Servs., Inc. V. Marathon Petroleum Co., LLC*, 623 F. Supp. 2d 717, 717-18 (S.D.W. Va. 2009).  By "using the

percentage of fund method and supplementing it with the lodestar cross-check," the court "take[s] advantage of the benefits of both methods." *In re Mills*, 265 F.R.D. at 261.

## III. DISCUSSION

### A. Attorneys' Fees

Plaintiffs' counsel requests a total of $629,730 in attorneys' fees. Counsel agreed to seek an amount that would not be more than 22% of the settlement value and would not reduce the amount of the Cash Fund below $500,000. The court finds that the amount requested is reasonable. Even though this court is required to consider all of the *Barber* factors in determining whether the fee is reasonable, this court is not required to strictly apply the factors in every case since all of the factors are not always applicable. *See EEOC v. Serv. News, Co.*, 898 F.2d 958, 965 (4th Cir. 1990). The Fourth Circuit has also noted that the most critical factor to consider is the degree of success obtained. *Doe v. Chao*, 435 F.3d 492, 506 (4th Cir. 2006). The court has considered all of the *Barber* factors, and considers the following factors particularly applicable to the current action.

#### *Time and Labor Expended*

Plaintiffs' counsel and staff have expended more than 1,000 hours on this case. ECF Nos. 60-2, 60-3. Although litigation in this case has been pending for a fairly short time, Plaintiffs' counsel spent considerable time conducting investigations and informal discovery in an effort to avoid protracted litigation. Plaintiffs' counsel also dedicated time to engage in multiple settlement discussions with Defendants. The court finds that the time and labor expended in this case was reasonable.

*Novelty and Difficulty of Questions Raised*

This case is fairly complex as it involves knowledge of class action procedures as well as procedures for collective actions conducted pursuant to FLSA.  This case was filed in October of 2014, so it is not necessarily protracted litigation, but it involved significant negotiation on behalf of a large class of potential plaintiffs.  Furthermore, this particular action challenges the manner in which a restaurant chain requires its employees to participate in a tip pool, and presented some fairly novel issues of law regarding which employees can be tip-eligible based on their relative contact with customers.  The difficulty of this case appears to be appropriately reflected in the hours submitted by Plaintiffs' counsel.

*Quality, Skill, and Efficiency of Attorneys*

Plaintiffs' counsel has extensive experience litigating complex civil cases, including collective actions pursuant to FLSA and other class action cases.  Defendants are represented by an international labor and employment law firm with over forty offices.  Opposing counsel is experienced, respected, and highly skilled.  This court finds that Plaintiffs' counsel's ability to negotiate a substantial settlement despite formidable legal opposition is indicative of the quality, skill, and efficiency of Plaintiffs' counsel.

*Results Obtained for the Class*

In evaluating the results obtained for the class, courts have considered whether plaintiffs would receive a substantial percentage of their back pay amount, *see Dewitt v. Darlington Cnty. S.C.*, No.

4:11-cv-00740, 2013 WL 6408371 at *8 (D.S.C. Dec. 6, 2013), and whether the award is similar to awards in similar cases in the district, *see In re Mills*, 265 F.R.D. at 261. Here, the total value of the settlement is $2,930,000. Each Class Member who worked more than forty hours will receive a promotional card worth $211 that is redeemable for food at any of Defendants' restaurants. The total value of the promotional cards portion of the settlement is $750,000. Additionally, Class members who worked more than eighty hours will receive a pro rata distribution from the Cash Fund—less the attorneys' fees—of $500,000. The total value of the Cash Fund prior to deduction of the attorneys' fees award is $1,167, 500. Class Members still employed by Defendants' restaurants will receive the benefit of a policy change, which allows them to collectively retain about $1 million in tips over the next two years. Defendants have also agreed to exclude expediters from the tip pool and pay them at least minimum wage.

Furthermore, there is a significant public benefit in having experienced attorneys litigate cases on behalf of employees such as Plaintiffs. Plaintiffs' employers were allegedly violating federal and state laws by inappropriately paying employees not eligible for the tip pool with proceeds from the tip pool. By taking this case, counsel was able to help Plaintiffs obtain redress for their grievances. Additionally, a judgment in this case could potentially affect other similar employers that might be violating federal and state laws in a similar fashion. Thus, this court finds that the results obtained for the class are significant, and weigh heavily in favor of finding that the fee is reasonable.

### Desirability of the Case Within the Legal Community

Counsel agreed to handle this case on a contingency fee basis. The contingency fee arrangement involves a significant risk of loss to counsel in the event that counsel is not successful in obtaining

recovery on behalf of the plaintiffs. Thus, class counsel knowingly undertook a case that was a significant financial burden in spite of the risk of non-payment. Based on the financial burden, the court finds that the case might be considered undesirable to prospective attorneys.

### Awards in Similar Cases

After reviewing awards in other wage and hour cases brought as FLSA collective actions and class actions, it appears that the percentage requested here is reasonable. In a number of cases, courts found that a fee award of one-third of the settlement fund was reasonable. *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424 (S.D.N.Y. 2014), *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467 (S.D.N.Y. 2013), *Dewitt v. Darlington County, S.C.*, 2013 WL 6408371 (D.S.C. Dec. 6, 2013); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611 (S.D.N.Y. 2012). Even where a court has found a fee award of one-third of the settlement fund to be unreasonable, the court reduced the award to 25% of the fund. *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443 (E.D. Ca. 2013). Thus, the fee requested here–21.5% of the fund–is reasonable.

### Lodestar Cross-check

Although counsel has requested fees pursuant to the percentage of recovery method, courts typically use the lodestar method to cross-check the reasonableness of the fees. To apply the lodestar method, the Court determines the fee award by multiplying the number of hours reasonably worked by a reasonable billing rate. *See In re Mills*, 265 F.R.D. at 264. Here, class counsel and staff spent a total of 1,039 hours prosecuting this action. Counsel submitted documentation of the hours worked and the hourly rate billed by each attorney or professional support staff member.

1,039 hours multiplied by their relevant hourly rates results in fees of $552,240. The requested fee of 21.5% equates to $629,730, which is approximately a 1.1 lodestar multiplier. Courts have generally held that lodestar multiplier falling between 2 and 4.5 demonstrate reasonable attorneys' fees. *See Dewitt*, 2013 WL 6408371 at *13. Thus, the award here is reasonable using the lodestar cross check.

Based on the above, the court finds that the requested amount of $629,730 is a reasonable award for attorneys' fees in this matter.

B.  Costs

In addition to the fees awarded above, counsel requests a total of $27,770 in costs. This court is authorized to award costs that are reasonable in nature. *See, e.g.*, Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorneys' fees and untaxable costs that are authorized by law or by the parties' agreement."). Generally, courts permit recovery of costs advanced for litigation expenses, including document production, consulting with experts, court and mediation costs. See *In re Mills*, 265 F.R.D. at 265; *In re Delphi Corp. Sec., Derivative & ERISA Litig.*, 248 F.R.D. 483, 504 (E.D. Mich. 2008). Here, Plaintiffs' counsel requests reimbursement in the amount of $10,270.64, which was advanced in the prosecution of this case including travel expenses, employment of private investigators, mediation expenses, and document production. *See* ECF No. 60-1. Plaintiffs' counsel also requests an additional $17,500 in claims related expenses. Per the Settlement Agreement, Defendants are required to pay $12,500 to the claims administrator. However, the claims administrator estimates the total cost to administer the settlement to be $32,500. The requested $17,500 represents the amount needed to cover the balance of the claims

administrators' fees. *See* ECF No. 60-1. The court finds that the expenses incurred, and those that will be incurred, are reasonable and within the realm of expected expenses associated with litigation in similar cases. Thus, the court approves Plaintiffs' counsel's motion for costs.

C. Named Plaintiffs' Incentive Awards

Plaintiffs request a total of $10,000 in incentive awards for Named Plaintiffs. Courts have determined that it is customary for lead plaintiffs and class representatives to receive incentive payments for their proportionate share of the recovery to compensate them for their additional hardships and efforts undertaken as representatives. *See In re MI Windows and Doors, Inc. Products Liability Litigation*, No. 2:12-mn-00001, 2015 WL 4487734 at *5-6 (D.S.C. July 23, 2015); *Dewitt*, 2013 WL 6408371 at *14. In *Dewitt*, the court approved a payment of $2,500 to the lead plaintiff and $1,000 to each of the other four named plaintiffs. *Id.* The court in *Dewitt* noted that in a number of other actions, the range of incentive payments is between $3,000 per plaintiff and $10,000 per named plaintiff. *Id.* Here, Plaintiffs are being awarded $2,500 each, and that number falls within the range of incentive payments that courts have deemed reasonable in similar cases. The court finds that Named Plaintiffs contributed to the success of this litigation by being willing to be Named Plaintiffs, participating in settlement discussions, and attending hearings. An award of $2,500 per Named Plaintiff is commensurate with their contribution to this litigation. Thus, the court finds that the requested incentive payment for Named Plaintiffs is fair and reasonable.

## IV.  CONCLUSION

Based on the foregoing, the court **GRANTS** Plaintiffs' unopposed motion for award of attorneys' fees, costs, and class representatives' incentive awards, and **AWARDS** attorneys' fees, costs, and incentive awards as detailed above.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
August 26, 2015